Minute Order Form (06/97)

JS6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1661 | **DATE** | 9/4/2003 |
| **CASE TITLE** | Columbus McGee vs. Blair J. Leibach | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner's petition for writ of habeas corpus is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP - 5 2003 | |
| | Notified counsel by telephone. | | date docketed | 24 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 SEP -4 PM 4:26 | date mailed notice | |
| TH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COLUMBUS MCGEE, )
)
Petitioner, )
)
v. ) No. 02 C 1661
)
BLAIR J. LEIBACH, Warden of )
Danville Correctional Center, )
)
Respondent. )

**DOCKETED**

**SEP - 5 2003**

### MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Petitioner Columbus McGee filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, McGee's petition is denied.

### PROCEDURAL BACKGROUND

Petitioner was convicted of first degree murder in the Circuit Court of Cook County following a bench trial. On January 13, 1998, the circuit court sentenced Petitioner to 55 years imprisonment. Petitioner thereafter appealed his conviction and sentence to the Illinois Appellate Court, First Judicial District. Petitioner raised one issue in that appeal. Namely, Petitioner argued that the trial court improperly relied on an element of the offense as an aggravating factor when sentencing Petitioner to 55 years in the Illinois Department of Corrections. The Appellate Court affirmed Petitioner's conviction and sentence. (R-12-1, Ex. C). Petitioner did not file a leave to appeal with the Illinois Supreme Court.



One June 26, 1999, Petitioner filed a *pro se* petition for post-conviction relief. In that petition, he raised the following issues: (1) he was denied effective assistance of trial counsel because counsel (a) failed to interview and call Vivian Clifton and Jackie Stanley as witnesses at trial, (b) failed to investigate the prior criminal history of the two victims, and (c) failed to raise a claim of self-defense and request a jury instruction on self-defense; (2) the State failed to disclose that the victims and a state witness were gang members; (3) he was denied effective assistance of direct appeal counsel for failing to argue ineffective assistance of trial counsel; and (4) "newly discovered evidence" warranted an evidentiary hearing. On September 24, 1999, the Circuit Court of Cook County dismissed Petitioner's petition for post-conviction relief. (R-12-1, Ex. E).

Petitioner then appealed to the Illinois Appellate Court, First Judicial District. Petitioner's counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), on the ground that no issues of arguable merit could be raised, and Petitioner filed a *pro se* response. On July 19, 2000, the Appellate Court affirmed the dismissal of the post-conviction petition, holding that Petitioner's claims of ineffective assistance of trial counsel were barred by waiver and that Petitioner's claim of ineffective assistance of appellate counsel did not state the "gist" of a constitutional claim. (R-12-1, Ex. H)

On December 5, 2000, Petitioner sought leave to file a late petition for leave to appeal with the Illinois Supreme Court. The court allowed the motion on January 26, 2001. (R-12-1, Ex. J). In his appeal, Petitioner argued that (1) he was denied effective assistance of trial counsel for (a) failure to call Vivian Clifton and Jackie Stanley as witnesses at trial, (b) failure to investigate the criminal history of the victims, and (c) failure to raise a claim of self-defense and request a jury instruction on self-defense; (2) the prosecution failed to disclose that the victims

and a state witness were gang members; (3) he was denied effective assistance of direct appeal counsel for his failure to argue ineffective assistance of trial counsel; and (4) "newly discovered evidence" warranted reconsideration of his first degree murder conviction. On April 4, 2001, the Illinois Supreme Court denied leave to appeal.

On February 20, 2002, Petitioner sought a writ of habeas corpus in the Southern District of Illinois. On February 25, 2001, Judge Reagan transferred the case to the Northern District of Illinois and the case was assigned to Judge Bucklo. On August 30, 2002, the case was reassigned to this Court.

## LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petitioner is not entitled to a writ of habeas corpus unless the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 404-05, 120 S.Ct. 1495, 1519, 146 L.Ed.2d 389 (2000). A state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *See id.* at 405, 120 S.Ct. at 1519. *See also Price v. Vincent*, --- U.S. ---, 123 S.Ct. 1848, 1853, 155 L.Ed.2d 877 (2003).

With respect to the "unreasonable application" prong under Section 2254(d)(1), a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *See id.* at 407. A state court's

3

application of Supreme Court precedent "must have been more than incorrect or erroneous." *See Wiggins v. Smith*, --- U.S. ---, 123 S.Ct. 2527, 2535, --- L.Ed.2d --- (2003) (citations omitted). The state court's application is unreasonable if the court's decision was "objectively" unreasonable. *Id. See also Lockyer v. Andrade*, --- U.S. ---, 123 S.Ct. 1166, 1174, 155 L.Ed.2d 144 (2003). In order to be considered unreasonable under this standard, a state court's decision must lie "well outside the boundaries of permissible differences of opinion." *See Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002); *see also Schultz v. Page*, 313 F.3d 1010, 1015 (7th Cir. 2002) (reasonable state court decision must be minimally consistent with facts and circumstances of the case).

Federal habeas courts presume that the state court's findings of fact are correct unless the habeas petitioner rebuts that presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1) *Collier v. Davis*, 301 F.3d 843, 848 (7th Cir. 2002). Petitioner does not challenge the statement of facts set forth in the Illinois Appellate Court's opinions on both direct and post-conviction appeal, thus the Court presumes the facts are correct and adopts the appellate court's factual findings.

Construing his *pro se* amended habeas petition liberally, *see Anderson v. Hardman*, 241 F.3d 544, 545-46 (7th Cir. 2001), Petitioner asserts the following claims: (1) he was denied his Sixth Amendment right to counsel when his trial counsel failed to interview and call Vivian Clifton and Jackie Stanley as witnesses at trial; (2) he was denied effective assistance of trial counsel who failed to move to suppress Petitioner's statement; and (3) he was denied effective assistance of appellate counsel on direct appeal when counsel failed to raise the claim of

4

ineffective assistance of trial counsel. Respondent admits that Petitioner has exhausted his state court remedies on these claims.

## ANALYSIS

### I. Ineffective Assistance of Trial Counsel

Petitioner raises two ineffective assistance of trial counsel claims. He contends that his trial counsel was ineffective for failing to call certain witnesses at trial and for failing to move to suppress Petitioner's statement to the police.

#### A. Failure to Call Certain Witnesses At Trial

Petitioner contends that he was denied effective assistance of trial counsel when his counsel failed to call Vivian Clifton and Jackie Stanley as witnesses at trial. Petitioner argues that Clifton and Stanley would have corroborated his self-defense theory. The State argues that Petitioner has procedurally defaulted both of these ineffective assistance claims because the Appellate Court addressing Petitioner's post-conviction petitioner concluded that he waived them.

A petitioner's failure to present a constitutional claim to the highest state court to which he may appeal it in the manner required by state law results in a procedural default preventing a federal court from deciding the claim on collateral review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 114 L.Ed.2d 67 (1999) (petitioner must give state court full and fair opportunity to resolve federal constitutional claims before federal habeas court can review them). Procedural default also occurs where the state court rejects a petitioner's claim based on an independent and adequate state procedural ground. *See Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989) (federal courts cannot review questions of federal

5

law if state court decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment); *Lee v. Davis*, 328 F.3d 896, 899-900 (7th Cir. 2003) (same). Under Illinois law, waiver is an independent and adequate state court ground. *Wright v. Walls*, 288 F.3d 937, 947 (7th Cir. 2002).

Under Illinois law, a defendant must raise claims of ineffective assistance of counsel on direct appeal where the evidence needed to resolve those claims is present in the record. *People v. Ivy*, 313 Ill.App.3d 1011, 246 Ill.Dec. 603, 730 N.E.2d 628, 635 (Ill. App. Ct. 2000). Further, a petitioner waives issues on post conviction review that he could have raised on direct appeal, but failed to do so. *People v. Mack*, 167 Ill.2d 525, 531, 658 N.E.2d 437, 440 (Ill. 1995). Because Petitioner failed to raise his ineffective assistance of trial counsel claims on direct appeal, the Illinois post conviction court concluded that the ineffective assistance of counsel issues were "barred from consideration under the doctrine of waiver." Given that the Illinois appellate court relied on the independent and adequate state court ground of waiver, Petitioner's ineffective assistance of trial counsel claims are procedurally barred.

### B. Failure to Move to Suppress Statement

Petitioner also bases his ineffective assistance of trial counsel claim on the ground that trial counsel neglected to move to suppress Petitioner's statement. Petitioner, however, did not raise this argument in any of his prior appeals. He did not provide the state courts with a fair opportunity to address the claim, thus he cannot raise it for the first time here. *See O'Sullivan*, 526 U.S. at 844-45, 119 S.Ct. at 1732; see also *Kurzawa v. Jordan*, 146 F.3d 435, 441 (7th Cir. 2002) ("If a petitioner fails to raise an issue in state court proceedings, he cannot raise it for the first time in a federal habeas corpus petition.").

### C. Petitioner Has Failed to Demonstrate Prejudice

Because Petitioner procedurally defaulted on his ineffective assistance of counsel claims, the Court can only grant habeas relief if he demonstrates that he had cause for the default and suffered prejudice as a result, or that a fundamental miscarriage of justice will result if the claim is not considered. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2564-65, 115 L.Ed.2d 640 (1991). To show that a miscarriage of justice will occur if a procedural default is not excused requires proof that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1980). Petitioner has not established cause for the default or that he suffered prejudice as a result. Further, Petitioner has not shown that a failure to grant him relief would result in a fundamental miscarriage of justice. Therefore, habeas relief is denied as to these procedurally defaulted claims.

### II. Ineffective Assistance of Appellate Counsel

Petitioner also argues that he was denied his Sixth Amendment right to appellate counsel on direct appeal when counsel failed to raise the claim of ineffective assistance of trial counsel. The State contends that Petitioner procedurally defaulted this claim because Petitioner failed to comply with the Illinois Post-Conviction Hearing Act when he presented this issue.

The state court found that Petitioner had not succeeded in proving that his appellate counsel's decision not to raise the issue of ineffective assistance of trial counsel was patently erroneous. The circuit court noted that Petitioner had not provided any supporting evidence for his claim. The appellate court noted that Petitioner's "assertions of ineffective assistance of

appellate counsel also failed to state the gist of a cognizable claim warranting the relief requested." (R-12-1, Ex. H, p.3).

The Illinois Post-Conviction Hearing Act provides that a petition for post-conviction relief "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2. Further, a petitioner's substantial showing of a constitutional violation "must be based on factual allegations, not conclusory statements." *People v. Jackson*, 213 Ill.App.3d 806, 811, 572 N.E.2d 475, 479 (Ill. App. Ct. 1991). Here, Petitioner failed to provide supporting evidence and factual allegations as required by the Act. Instead, he only made conclusory allegations as determined by the appellate court. The appellate court based its denial of Petitioner's post-conviction petition on an independent and adequate state ground – failure to go beyond mere conclusory statements and to provide supporting evidence. Accordingly, Petitioner has procedurally defaulted this claim. *See McIntyre v. Barnett*, No. 98 C 5061, 2000 WL 875733, at *3 (N.D.Ill. June 27, 2000).

As with his first claim, Petitioner has not demonstrated that he had cause for the default and suffered prejudice as a result, or that a fundamental miscarriage of justice will result if the claim is not considered. Accordingly, habeas relief is not proper. *See Coleman*, 501 U.S. at 750, 111 S.Ct. at 2564-65.

Even if the Court examined the merits of Petitioner's claim, it still fails. In order to succeed on a claim of ineffective assistance of counsel, a petitioner must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052 (1984). "Appellate counsel's performance is deficient if counsel fails to appeal an issue that is both obvious and clearly stronger than one that was raised." *Winters v. Miller*, 274 F.3d 1161,

1167 (7th Cir. 2002). The Seventh Circuit has noted that "[i]t is not necessary, however, that appellate counsel raise every non-frivolous issue under the sun." *Id.* (citations and quotations omitted). *See also Howard v.. Gramley*, 225 F.3d 784, 791 (7th Cir.2000) ("[A]ppellate lawyers are clearly not incompetent when they refuse to follow a 'kitchen sink' approach to the issues on appeals"). Furthermore, "a petitioner demonstrates the requisite prejudice only when appellate counsel fails to raise an issue that may have resulted in a reversal of the conviction, or an order for a new trial." *Id.* (citations and quotations omitted).

Petitioner and the public defender handling his appeal corresponded regarding the issue of ineffective assistance of trial counsel. The public defender informed Petitioner that "I have received your letter dated October 11 in which you say that you want to raise ineffective assistance of counsel and excessive sentence. As for ineffective assistance, I do not see any basis in the record for making the argument. If you are aware of facts which do not appear in the record and which support your contention, they can be raised in a post-conviction petition. I have read the record and do not see any other trial issues." (R. 12-1, Ex. E, p.4). Petitioner has failed to contradict the public defender's strategic position. It is clear from the record that the public defender read the record and determined that an ineffective assistance of trial counsel claim did not have merit. Petitioner has not shown that his claim was "obvious" to the public defender. He further has not demonstrated that this issue may have resulted in a reversal of his conviction, or an order for a new trial. Accordingly, his claim fails on the merits.

## CONCLUSION

For all the foregoing reasons, the Court denies Petitioner's petition for a writ of habeas corpus.

Dated: September 4, 2003    ENTERED

_____
AMY J. ST. EVE